### (January 31, 1961)

■ In the Matter of BROADWAY MAINTENANCE CORP., Appellant, v. JACOB GRUMET et al., Constituting the Temporary Commission of Investigation of the State of New York, Respondents.

APPEAL from a resettled order of the Supreme Court at Special Term, entered January 12, 1961, in New York County, which (1) denied a motion by petitioner for an order to vacate, quash and set aside two subpoenas duces tecum

(2) decreed affirmatively the production of certain books, records and field reports and (3) dismissed the petition.

MEMORANDUM BY THE COURT. Resettled order entered on January 12, 1961, dismissing petition seeking to vacate two subpœnae duces tecum and decreeing affirmatively the production of certain books, records and field reports, modified, on the law, on the facts and in the exercise of discretion, in the following respects, and otherwise affirmed, without costs. The field reports required to be made available shall relate only to the five City of New York contracts specified in Rider A of the October 19, 1960 subpœna, inasmuch as these are the only field reports demanded in either of the two subpœnas under review, and respondents may not in this proceeding require the production of records which they did not request by subpœna. The petitioner's books and records are to be made available, commencing on February 6, 1961, at 9:00 A.M., at either of the two places and upon the terms, otherwise provided in the resettled order filed January 12, 1961.

RABIN, J. (dissenting). I cannot concur fully with the result reached by the majority. I believe that the resettled order appealed from should be modified further so as to delete the second decretal paragraph thereof and amend the third decretal paragraph so as to provide for the examination to be held, pursuant to the subpœnas, before at least two members of the commission as required by the act.

The petitioner by its motion — as the majority memorandum sets forth — sought to vacate the two subpœnas duces tecum heretofore served. The respondent made no cross motion nor sought any affirmative relief but merely requested that the motion of the petitioner be denied. By its order the court went far beyond the issue posed by petitioner's motion. That, a court should not do (see concurring opinion of Judge FULD in *Kilberg* v. *Northeast Airlines*, 9 N Y 2d 34).

A general challenge to the power to call for the production of relevant books and records does not invite a ruling directing the production of a specific book or record. In this case, the only issue before the court was whether the subpœnas should or should not be vacated and not what books and records should be produced. Consequently the court should not have made a disposition with respect to what books and records should be produced and the affirmative direction to produce certain books and records should not have been made. That issue was not properly before the court. There is therefore no need for us to consider whether the court made a proper determination with respect thereto.

Since the subpœnas direct that the witnesses testify and give evidence at a private hearing to be held in connection with an investigation conducted pursuant to section 1 of chapter 989 of the Laws of 1958, no such testimony may properly be taken unless, pursuant to section 2 (subd. 11, par. d) (L. 1958, ch. 989), at least two appropriate members of the commission are present. The order should have imposed that limitation.

This petitioner has been under investigation by the respondent since July of 1960. Its complaint that the time has come to conclude the examination has some justification. The record does not show any evidence of any wrongdoing — and indeed the respondent admits that none has been adduced. I would, therefore, be in favor of granting the petitioner's request to quash these subpœnas but for the acquiescence by the respondent in the five-day limitation provided for in the order.

Botein, P. J., McNally and Stevens, JJ., concur in Memorandum by the Court; Rabin, J., dissents in opinion, in which Valente, J., concurs.

Resettled order entered on January 12, 1961, modified, etc. Settle order on notice.